IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARCUS OWENS                                                                            PLAINTIFF

v.                                    Civil No. 4:18-cv-04011

OFFICER MARK BROWN, Miller
County Detention Center                                                    DEFENDANT

**ORDER**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his initial Complaint on January 18, 2018. (ECF No. 1). He is currently incarcerated in the Miller County Detention Center ("MCDC") as a pre-trial detainee. Plaintiff has named Officer Mark Brown as a Defendant in this action. Plaintiff claims his constitutional rights were violated on January 1, 2018, when Defendant Brown:

> was suppose to bring me a allergy Tray to beans but he didn't he tried to give me one with beans, and I told him I was allergic to beans and he said he would have to bring me a Johnny Sack[1] back and that wasn't the case, they were only suppose to substitute my beans like they normally do.

*Id.* at pgs. 4-5. Plaintiff then claims he refused the Johnny Sack and Defendant Brown "just dropped it on the floor at the door and shut the door." *Id.* Plaintiff alleges his constitutional rights were violated "by [Defendant Brown] throwing my food on floor."

---

[1] Plaintiff has not described what food items were included in the Johnny Sack.

1

Plaintiff is suing Defendant in his individual and official capacities. Although he has not alleged that he was injured as a result of the conduct of Defendant, Plaintiff is seeking compensatory and punitive damages in the amount of $10,000.00. (ECF No. 1, p. 7).

## II.　LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But regardless of whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## III.　DISCUSSION

### A. Individual Capacity Claim

Plaintiff claims that Defendant Brown violated his constitutional rights when he brought Plaintiff a Johnny Sack instead of a replacement tray without beans on it and then threw it on the floor when Plaintiff refused the sack. The Court construes Plaintiff's claim as one alleging unlawful conditions of confinement.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII; *see also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims brought by both pretrial detainees and convicted inmates that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment requires inmates to be provided with "nutritionally adequate food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Failure to provide adequate nutrition can constitute deliberate indifference. *Id*.

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff's claim fails for several reasons. First, Plaintiff was not deprived of the minimal civilized measure of life's necessities when Defendant Brown brought him a Johnny Sack as opposed to a full tray on only one occasion. Likewise, Defendant Brown's actions did not constitute deliberate indifference to the health or safety of Plaintiff. Defendant Brown never denied Plaintiff food. Instead, when Plaintiff refused his tray because it contained beans, Defendant Brown attempted to provide a substitute for the tray to accommodate Plaintiff's allergy to beans. Finally, Plaintiff has not alleged that he suffered any injury as a result of being denied a full tray on one occasion. As such, any discomfort he may have experienced as a result of receiving the Johnny Sack instead of a full tray was at most *de minimis*. Accordingly, Plaintiff's allegations fail to state a claim against Defendant Brown in his individual capacity.

### B. Official Capacity Claim

Plaintiff is also suing Defendant Brown in his official capacity. An official capacity claim is "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, an official capacity claim against Defendant is treated as a claim against Miller County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "[P]laintiff must show that a constitutional violation was committed pursuant

to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

When asked in his Complaint to describe the custom or policy of Miller County that caused the violation of his rights Plaintiff states:

> Amendment VIII Excessive Bail or fines; cruel and unusual punishment. Excessive Bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. And that's what caused the violation of my constitutional rights. By him throwing my food on floor he violated me as a US citizen.[2]

(ECF No. 1, p. 6).

Plaintiff's allegation that Defendant Brown, on one occasion, brought him a Johnny Sack as a replacement for a full food tray without beans does not involve any official policy or custom of the MCDC. Accordingly, Plaintiff has a failed to state an official capacity claim against Miller County.

### III. CONCLUSION

For the reasons discussed above, pursuant to 28 U.S.C.§ 1915A(b), Plaintiff's individual and official capacity claims against Defendant Brown are **DISMISSED WITH PREJUDICE**.

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 14th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Plaintiff has not alleged any claim relating to excessive bail in his Complaint. Accordingly, this screening order only addresses the condition of confinement claim arising from Defendant Brown's substitution of a Johnny Sack for a full food tray.